**UNITED STATES of America, Petitioner–Appellee,**

**Michael H. Boulware, Intervenor–Appellant,**

v.

**Sidney BOULWARE, as President of Hawaiian Isles Enterprises, Inc., Respondent–Appellee.**

**No. 04–17172.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 19, 2006.

Fed. R.App. P. 34(a)(2).

R. Michael Burke, Esq., Office of the U.S. Attorney, Honolulu, HI, Frank P. Cihlar, Gretchen M. Wolfinger, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Petitioner–Appellee.

Reinwald, O'Connor & Marrack, Dennis E.W. O'Connor, Esq., Reinwald O'Connor & Playdon, Honolulu, HI, for Intervenor–Appellant.

Lyle S. Hosoda, Esq., Lyle S. Hosoda & Associates, Honolulu, HI, for Respondent–Appellee.

Before: RYMER and THOMAS, Circuit Judges, and LARSON **, District Judge.

## MEMORANDUM ***

Michael H. Boulware appeals the district court's order denying his motion to intervene and enforcing a summons directed to his closely held corporation, Hawaiian Isles Enterprises (HIE). We affirm.

■ Whether Boulware was entitled to intervene under 26 U.S.C. § 7609(b)(1) turns on whether he was entitled to notice of the summons under § 7609(a). We agree with the district court that Boulware was not entitled to notice, as the summons was issued to his brother, Sidney Boulware, in his capacity as President of HIE, for the purpose of determining the liability of HIE. *See* 26 U.S.C. § 7609(c)(2)(A) (§ 7609 does not apply to summons "served on the person with respect to

** The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

whose liability the summons was issued, or any officers or employees of such persons").

■ Nor did Boulware establish a "significantly protectable interest" in the summons enforcement proceedings. We need not decide whether *Donaldson v. United States*, 400 U.S. 517, 530–31, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971), remains in force after the passage of § 7609(b)(1), because under either *Donaldson* or the statute, the IRS did not improperly seek to obtain evidence for use in the criminal case against Boulware.

■ Boulware's referral argument fails because no Department of Justice referral was in effect with respect to HIE when the summons was issued to it. Thus, 26 U.S.C. § 7602(d)(1), upon which Boulware relies, is inapplicable on its face. The fact that the IRS failed to halt the HIE investigation on request does not evince bad faith; there was no reason for the IRS to suspend the HIE investigation pending resolution of the criminal case against Boulware. Likewise, Boulware's contention that some requests in the HIE summons could only have been pertinent to his criminal case fails for lack of specific facts in support. As Agent Lum's declaration explains, information regarding HIE's transactions with Jin Sook Lee, tax adjustments made by HIE during the years 1989 through 1995, payments by HIE to Mal Sun Boulware, and HIE's stock ownership were legitimately related to HIE's tax liability. Finally, there is no merit to Boulware's submission that the IRS improperly communicated with the prosecutor in his criminal case. The contact mentioned in the IRS's October 28, 2003 letter was simply to verify that there would *not* be overlap between the civil examination of HIE and the criminal investigation of Boulware.

As Boulware offered insufficient evidence to call the IRS's motives into question, there was no reason for an evidentiary hearing. Accordingly, the district court did not abuse its discretion in declining to order one.

AFFIRMED.